## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRIENDS OF ANIMALS<br>777 Post Road, Suite 205<br>Darien, CT 06820 | )<br>)<br>) | Civ. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOWARD LUTNICK, in his official<br>capacity as Secretary of Commerce,<br>United States Department of Commerce<br>1401 Constitution Ave NW<br>Washington, DC 20230 | )<br>)<br>)<br>)<br>) | |
| | ) | |
| EUGENIO PIÑEIRO SOLER, in his official<br>capacity as Assistant Administrator<br>of the National Marine Fisheries Service<br>1315 East-West Highway<br>Silver Springs, MD 20910, and | )<br>)<br>)<br>)<br>) | |
| | ) | |
| NATIONAL MARINE FISHERIES SERVICE,<br>an agency of the United States<br>1315 East-West Highway<br>Silver Springs, MD 20910 | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      The Atlantic horseshoe crab (*Limulus polyphemus*) is a marine arthropod found along the Atlantic coasts of North and Central America whose population has steeply declined. These marine animals have existed for approximately 445 million years, well before the dinosaurs roamed the earth. However, the horseshoe crab now faces several threats to its continued survival, including: exploitation by the commercial bait and

1

biomedical industries, sea-level rise associated with climate change, marine life and scientific collection, pollution events, impingement on coastal infrastructure, and bycatch.

2.      The Atlantic horseshoe crab is a keystone species critical to the survival of many other species, including those of migratory shorebirds, finfish, and turtles. Many imperiled species that rely on the horseshoe crab, including federally listed rufa red knots and loggerhead sea turtles, have declined along with the horseshoe crab.

3.      In 2023, Plaintiff Friends of Animals submitted a petition (hereinafter, "the Petition") for the National Marine Fisheries Service (NMFS), also known as NOAA Fisheries, to list the Atlantic horseshoe crab under the Endangered Species Act (ESA), 16 U.S.C. §§ 1531 *et seq*.

4.      Defendants have failed to comply with their mandatory duty under Section 4 of the ESA to conduct a 90-day finding on the Petition. 16 U.S.C. § 1533(b)(3). Friends of Animals brings this action against Defendants to force them to carry out their duty under the ESA. Specifically, this lawsuit seeks to compel Defendants to make a 90-day finding on Friends of Animals' Petition to list the Atlantic horseshoe crab as an "endangered," or alternatively as a "threatened," species under the ESA.

5.      Defendants' failure to make a 90-day finding violates the ESA and is arbitrary, capricious, and contrary to law within the meaning of the Administrative Procedure Act (APA). 5 U.S.C. §§ 701-06. Defendants' failure to fulfill their duty under the ESA places Atlantic horseshoe crabs in further peril, subjecting them to continued human exploitation and possible extinction.

6.      To remedy Defendants' violation of law, Friends of Animals seeks declaratory and injunctive relief requiring that Defendants comply with the ESA and complete a 90-day finding on the Petition.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), and 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision).

8.      This Court has authority to grant Friends of Animals' requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, 16 U.S.C. § 1540(g) (ESA citizen suit), and 5 U.S.C. §§ 701-06 (APA).

9.      Pursuant to the ESA citizen suit provision, Friends of Animals sent Defendants notice of its intent to sue ("Notice") on September 29, 2025. *See* 16 U.S.C. § 1540(g)(2)(C).

10.      As of November 13, 2025, all Defendants have received Friends of Animal's Notice.

11.      More than sixty (60) days have passed since Defendants received Friends of Animal's Notice. *See* 16 U.S.C. § 1540(g)(2).

12.      Defendants have not remedied their violations of the ESA by completing the overdue 90-day finding on the Petition to list the Atlantic horseshoe crab. Therefore, an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because a defendant resides in this judicial district and the violation giving rise to Friends of Animals claims occurred in this judicial district.

## PARTIES

14.     Plaintiff, FRIENDS OF ANIMALS, is a not-for-profit international advocacy organization incorporated in the state of New York since 1957. Friends of Animals seeks to free animals from cruelty and exploitation around the world, and to promote a respectful view of non-human animals, both free-living and domestic. Friends of Animals engages in a variety of advocacy programs in support of these goals. Friends of Animals informs its members about animal advocacy issues as well as the organization's progress in addressing these issues though its magazine called *Action Line*, its website, and other reports. Friends of Animals has published articles and information advocating for the protection of Atlantic horseshoe crabs so that they can live unfettered in their natural habitats. In the absence of protection under the ESA, Atlantic horseshoe crabs are subject to exploitation, habitat loss, bycatch, and other human pressures that threaten their continued survival. Defendants' failure to make a timely 90-day finding on the Petition to list the Atlantic horseshoe crab under the ESA injures Friends of Animals' members and staff.

15.     Friends of Animals sues on behalf of the organization, adversely affected members, and staff. Friends of Animals invests time and resources to protect Atlantic horseshoe crabs, including advocating for the conservation of the species and for the listing of the horseshoe crabs as threatened or endangered under the ESA. In addition, Friends of Animals works to educate its members and the public about the status of the species and the threats it faces.

4

16.     Friends of Animals has members and staff who live near or frequently visit Atlantic horseshoe crab habitat. They visit beaches to search for and observe horseshoe crabs, and have scientific, recreational, educational, conservation, and aesthetic interests in the existence, observation, and study of these animals.

17.     The recreational, educational, scientific, aesthetic and other interests of Friends of Animals, their members, and staff have been and are being adversely and irreparably injured by Defendants' failure to make a 90-day finding on the Petition, thus delaying ESA protections for Atlantic horseshoe crabs. These are actual, concrete injuries to Friends of Animals and its members and staff, caused by Defendants' failure to comply with the ESA. Friends of Animals' injuries will continue unless this Court grants the relief requested in this Complaint.

18.     Defendant HOWARD LUTNICK, in his capacity as Secretary of Commerce, has ultimate responsibility for the implementation of the ESA with respect to marine species such as the Atlantic horseshoe crab. The Secretary is also responsible for the actions of his delegate, NMFS, including that delegate's failure to conduct a 90-day finding. Friends of Animals sues Defendant Lutnick in his official capacity.

19.     Defendant NATIONAL MARINE FISHERIES SERVICE is a federal agency within the National Oceanic and Atmospheric Administration (NOAA), Department of Commerce. In this case, the Secretary of Commerce has delegated his responsibilities to NMFS. NMFS is responsible for the conservation of the nation's living ocean resources and the marine habitats on which they rely. This includes listing marine species such as the Atlantic horseshoe crab under the ESA.

20.     Defendant EUGENIO PIÑEIRO SOLER, in his capacity as Assistant Administrator of NMFS (also referred to as "NOAA Fisheries"), is responsible for implementing, administering, and complying with the ESA with respect to marine species such as the Atlantic horseshoe crab. Plaintiff sues Defendant Soler in his official capacity. Hereinafter, this complaint refers to all defendants collectively as "NMFS."

**STATUTORY AND REGULATORY FRAMEWORK OF THE ENDANGERED SPECIES ACT**

21.     The purpose of the ESA is to conserve endangered and threatened species and the ecosystems upon which these species depend. 16 U.S.C. § 1531(b).

22.     The listing process is the essential first step in the ESA's system of species protection and recovery. Before the ESA can protect a species facing extinction or that species' habitat, the species must be listed as either "endangered" or "threatened." 16 U.S.C. §§ 1533(a) and (c). Under the statutory definition, a species is "endangered" if it "is in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is "threatened" under the statute if it is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

23.     NMFS must list a marine species under the ESA if it is threatened or endangered by any one or more of the following factors:

(A) the present or threatened destruction, modification, or curtailment of its habitat or range;
(B) overutilization for commercial, recreational, scientific, or educational purposes;
(C) disease or predation;
(D) the inadequacy of existing regulatory mechanisms; or
(E) other natural or manmade factors affecting its continued existence.

16 U.S.C. § 1533(a)(1); 50 C.F.R. § 424.11(c).

6

24. NMFS' discretion in deciding whether to list a species is limited solely to consideration of these five factors. In considering these factors, NMFS must make its determinations "solely on the basis of the best available scientific and commercial information regarding a species' status without reference to possible economic or other impacts of such determination." 50 C.F.R. § 424.11(b); *see also* 16 U.S.C. § 1533(b)(1)(A).

25. Any interested person can initiate the listing process for a marine species by filing a petition to list a species with NMFS. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

26. Upon receipt of such a petition, NMFS is required to make an initial finding known as a "90-day finding." Specifically, within 90 days of receipt, "[t]o the maximum extent practicable," NMFS must determine "whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). Pursuant to NMFS' implementing regulations, "substantial scientific or commercial information" is a level of information "such that a reasonable person conducting an impartial scientific review would conclude that the action proposed in the petition may be warranted." 50 C.F.R. § 424.14(h)(1)(i).

27. At the 90-day finding stage, NMFS does not "subject the petition to critical review." Endangered and Threatened Wildlife and Plaints; 90-Day Finding for a Petition to List the Kennebec River Population of Anadromous Atlantic Salmon as Part of the Endangered Gulf of Maine Distinct Population Segment, 71 Fed. Reg. 66298, 66298 (Nov. 14, 2006). "A petition need not establish a 'strong likelihood' or a 'high probability' that a species is either threatened or endangered to support a positive 90-day finding." Endangered and Threatened Wildlife; Notice of 90-Day Finding on a Petition to List the

Caribbean Electric Ray as Threatened or Endangered Under the Endangered Species Act (ESA), 79 Fed. Reg. 4877, 4478 (Jan. 30, 2014).

28.    NMFS' finding as to whether a petition presents substantial information indicating that listing may be warranted must be published in the Federal Register. 16 U.S.C. § 1533(b)(3)(A). If NMFS finds that the petition presents substantial information indicating that listing may be warranted (a "positive 90-day finding"), it must "promptly commence a review of the status of the species concerned." *Id*.

29.    In the case of a positive 90-day finding, NMFS has 12 months from the date the petition was received to conclude its status review and make one of three findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species, provided that NMFS is making expeditious progress in listing those other species. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(h)(2). This second finding is known as a "12-month finding" and must be published in the Federal Register. *Id*.

30.    If NMFS' status review leads to a 12-month finding that the petitioned action is warranted (a "positive 12-month finding"), then it must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(3)(B)(ii). Within one year of the publication of a proposed rule to list a species, NMFS must make a final decision on the proposal, 16 U.S.C. § 1533(b)(6)(A), or extend the deadline by up to six months in cases of scientific uncertainty. 16 U.S.C. § 1533(b)(6)(B).

31.    NMFS cannot extend the 90-day finding beyond 12 months, as the ESA mandates "that both the initial [90-day] finding and the final [12-month finding]

determination must be completed within twelve months of the date the petition is received." *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1179 (9th Cir. 2002).

32.    Negative 90-day and 12-month findings are subject to judicial review. 16 U.S.C. § 1533(b)(3)(C)(ii).

33.    The ESA requires the Secretary to designate critical habitat for all threatened and endangered species, concurrently with their listing to the maximum extent prudent and determinable, and to subsequently develop recovery plans for such species. 16 U.S.C. §§ 1533(a)(3), (f).

34.    The ESA makes it unlawful for any person to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect a listed species, or attempt to engage in any of the foregoing actions, unless the action is specifically permitted by a special rule or permit issued by the Secretary. 16 U.S.C. §§ 1538–39.

35.    The ESA also requires that all federal agencies "carry out programs for the conservation" of threatened and endangered species and consult with the Secretary to ensure that their actions are "not likely to jeopardize the continued existence" of such species or "result in the destruction or adverse modification" of their critical habitat. 16 U.S.C. §§ 1536(a)(1), (2).

36.    None of the ESA's essential protections apply until a species is listed.

**FACTS GIVING RISE TO FRIENDS OF ANIMALS' CLAIMS**

37.    On December 21, 2023, Friends of Animals submitted its Petition to list the Atlantic horseshoe crab as threatened or endangered under the ESA.

38.    The Petition presented evidence that the Atlantic horseshoe crab is threatened or endangered because of widespread exploitation by the commercial bait and

biomedical industries, threats to its habitat from climate change-associated sea-level rise, and other human factors.

39.     The Petition demonstrated how the threats to the horseshoe crab fall under four of the factors that may qualify a species for listing under the ESA, namely overutilization for commercial and scientific purposes; inadequacy of existing regulatory mechanisms; destruction, modification, or curtailment of its habitat; and other man-made factors affecting its continued existence.

40.     The Petition presented evidence that historical overuse of Atlantic horseshoe crabs for fertilizer and livestock feed from the 1850s to the 1920s, followed by uncontrolled harvest by the commercial bait industry in the 1990s, resulted in steep declines in horseshoe crab populations. Decades of management by the Atlantic States Marine Fisheries Commission (ASMFC) and individual states has not reversed the significant population declines to allow for recovery of the species.

41.     The Petition presented scientific information showing that abundance of horseshoe crab eggs, which are essential for survival of threatened rufa red knot shorebirds, remains approximately 15 times lower than it was before the unregulated harvest of horseshoe crabs in the 1990s.

42.     The Petition documented that the International Union for the Conservation of Nature (IUCN) designated the Atlantic horseshoe crab as "Vulnerable" to extinction. "Vulnerable" is one of three categories collectively described as "threatened" with extinction. The IUCN  estimated future reductions of ≥30% in a significant portion of the species range (decreases of 100% in Gulf of Maine (NH), 92% in New England, 55% in Florida, and 32% in Northeast Gulf of Mexico). According to the IUCN's report, assignment

of the greater risk category of "Endangered" is warranted at regional and sub-regional levels.

43.    The Petition presented evidence that uncontrolled horseshoe crab harvest for bleeding by the biomedical industry, which is increasing over time even though there are synthetic alternatives for the crabs' blood, results in the death of up to 30% of bled crabs, and potentially an even higher percentage after considering death due to the industrial handling of the crabs. It also fundamentally alters crab behavior that is vital to spawning and species survival.

44.    The Petition documented that the harvest quotas set by the ASMFC are based on a model that has been widely criticized for significantly overestimating the population of horseshoe crabs.

45.    The Petition provided evidence that the existing patchwork of state laws is not adequate to protect the horseshoe crab, as strengthened regulations in one region leads to corresponding increases in harvest rates in other regions.

46.    The Petition presented evidence that loss of the horseshoe crab's essential spawning habitat is threatened by sea-level rise associated with climate change combined with shoreline development. Recognizing this reality, NOAA has categorized the horseshoe crab's vulnerability to climate change as "very high," its highest vulnerability category.

47.    The Petition documented that additional factors threatening the Atlantic horseshoe crab are recreational and scientific collection, pollution events, impingement on coastal infrastructure, and bycatch.

48.    Defendants failed to issue a 90-day finding on the Petition within the time required by the ESA.

49.     Defendants' failure to issue a 90-day finding also prevented the issuance of a timely 12-month finding.

50.     Defendants failed to issue the 12-month finding within the time required by the ESA.

51.     Friends of Animals sent Notice to Secretary Lutnick and Assistant Administrator Piñeiro Soler of this violation and its intent sue on September 29, 2025.

52.     United States postal tracking shows that Notice to Secretary Lutnick was received on October 6, 2025.

53.     United States postal tracking shows that Notice to Piñeiro Soler was received on November 13, 2025.

54.     Defendants have not corrected the violation or issued the 90-day finding as of the date of this complaint.

55.     Defendants' failure to issue the required findings delays needed ESA protections, further imperiling Atlantic horseshoe crabs.

**CLAIM FOR RELIEF**

**(Defendants' Failure to Complete a 90-Day Finding on the Petition Violates the Endangered Species Act and is Otherwise Arbitrary and Capricious)**

56.     Friends of Animals herein incorporates all information and allegations contained in the preceding paragraphs.

57.     The ESA required Defendants to make a 90-day finding on the Petition to list the Atlantic horseshoe crab. 16 U.S.C. § 1533(b)(3). Defendants have been in violation of this express statutory command for over a year.

58.     Defendants' failure to comply with this mandate of the ESA continues to cause injury to Friends of Animals and its members' and staffs' interests in, and enjoyment of, the Atlantic horseshoe crab.

59.     The duty to issue a 90-day finding on the Atlantic horseshoe crab Petition is a non-discretionary duty within the meaning of the ESA citizen suit provision. 16 U.S.C. § 1540(g)(1)(C).

60.     Defendants' failure to make a 90-day finding for the Atlantic horseshoe crab constitutes a failure to perform a non-discretionary duty under the ESA, is contrary to the mandatory provisions of the ESA and its implementing regulations, and constitutes agency action that has been "unlawfully withheld and unreasonably delayed" within the meaning of the APA.

61.     Defendants received Friends of Animals' Notice of this violation and its intent to sue more than 60 days before the filing of this complaint.

62.     As of the date of this complaint, Defendants have not responded to Friends of Animals' Notice or issued the required ESA findings.

63.     Friends of Animals has no other adequate remedy at law to redress the violations noted above.

64.     Unless enjoined and made subject to a declaration by this Court, Defendants will continue to violate their mandatory duties under the ESA to conduct a 90-day finding for the Atlantic horseshoe crab.

**REQUEST FOR RELIEF**

Friends of Animals respectfully requests that this Court enter judgment providing the following relief:

1. Declare that Defendants violated the ESA and APA by failing to make a timely 90-day finding on the Petition to list the Atlantic horseshoe crab as threatened or endangered;

2. Order Defendants to make, by a certain date, a 90-day finding on the Petition to list the Atlantic horseshoe crab as threatened or endangered, and to publish, by a certain date, such finding in the Federal Register;

3. Award Friends of Animals its costs of litigation, including reasonable attorneys' fees under the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(4); and

4. Grant Friends of Animals such other relief as the Court deems just and proper.

Dated: January 13, 2026

Respectfully Submitted,

/s/ Jennifer Best

Jennifer Best (DC Bar # CO0056)
Friends of Animals
Wildlife Law Program
6041 S. Syracuse Way, Suite 250
Greenwood Village, CO 80111
(720) 945-9453
jennifer@friendsofanimals.org